■ JOSEPH S. BOYD, Respondent, v BETHLEHEM STEEL CORPORATION, Appellant and Third-Party Plaintiff-Appellant. 7-7, INC., Third-Party Defendant-Appellant. [668 NYS2d 817] —Order unanimously reversed on the law with costs, defendant's motion granted in part, cross motion and third-party defendant's motion granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in denying the motion of third-party defendant and cross motion of defendant for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. The record establishes that defendant did not direct, control or supervise the work being performed by plaintiff when he was injured (see, Russin v Picciano & Son, 54 NY2d 311, 317; Adamczyk v Hillview Estates Dev. Corp., 226 AD2d 1049, 1050; cf., Mazzu v Benderson Dev. Co., 224 AD2d 1009, 1011-1012).

The court further erred in denying that portion of defendant's motion for summary judgment seeking contractual indemnification from third-party defendant, including the costs incurred by defendant in the defense of the action brought by plaintiff. The contract between defendant and third-party defendant provided that "[third-party defendant] shall indemnify and save harmless * * * [defendant] * * * from and against any loss or liability for or on account of any injury * * * or damages received or sustained by [third-party defendant] or any of its subcontractors or any employee, agent or invitee of [third-party defendant]". In view of the broad language of the indemnification provision, defendant is entitled to the costs and counsel fees it reasonably incurred in defense of the action brought by plaintiff (see, Lavorato v Bethlehem Steel Corp., 91 AD2d 1184, 1184-1185; DiPerna v American Broadcasting Cos., 200 AD2d 267). We remit the matter to Supreme Court to

determine that amount. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.