[878 NE2d 1019, 848 NYS2d 603]

JAMES J. WHITE, JR., M.D., Appellant, v CONTINENTAL CASUALTY COMPANY, Defendant, and LIFE INSURANCE COMPANY OF BOSTON & NEW YORK, Respondent.

Argued October 18, 2007; decided November 27, 2007

## POINTS OF COUNSEL

*Bender, Crawford & Bender, LLP,* Buffalo (*Joanneke K.M. Brentjens* of counsel), for appellant. I. The Life Insurance Company of Boston & New York's policy definition of total disability renders the policy illusory. (*Allstate Ins. Co. v Zuk,* 78 NY2d 41; *Slayko v Security Mut. Ins. Co.,* 285 AD2d 875; *Matter of Nationwide Mut. Ins. Co. v Davis,* 195 AD2d 561; *Cross Props. v Home Indem. Co.,* 41 Misc 2d 822; *Niccoli v Monarch Life Ins. Co.,* 70 Misc 2d 147, 45 AD2d 737, 36 NY2d 892; *Dixon v Pacific Mut. Life Ins. Co.,* 268 F2d 812, 361 US 948; *Blasbalg v Massachusetts Cas. Ins. Co.,* 962 F Supp 362; *Monarch Life Ins. Co. v Brown,* 125 AD2d 75; *Dawes v First Unum Life Ins. Co.,* 851 F Supp 118; *Primavera v Rose & Kiernan,* 248 AD2d 842.) II. The lower court erred in granting Life Insurance Company of Boston & New York's motion for summary judgment. (*Dix v Pines Hotel,* 188 AD2d 1007; *Rodriguez v Wilson,* 176 AD2d 1202; *Dal Constr. Corp. v City of New York,* 108 AD2d 892; *Pontello v County of Onondaga,* 94 AD2d 427; *Rotuba Extruders v Ceppos,* 46 NY2d 223; *Dougherty v Kinard,* 215 AD2d 521; *Blasbalg v Massachusetts Cas. Ins. Co.,* 962 F Supp 362; *Godesky v First Unum Life Ins. Co.,* 239 AD2d 547; *Shapiro v Berkshire Life Ins. Co.,* 212 F3d 121; *Primavera v Rose & Kiernan,* 248 AD2d 842.)

*Rupp Baase Pfalzgraf Cunningham & Coppola LLC,* Buffalo (*James M. Appler III* of counsel), for respondent. I. The clear and unambiguous terms of the Life Insurance Company of Boston & New York's policy entitle defendant to summary judgment as a matter of law. (*Keith v Houck,* 88 AD2d 763; *Pepper v Allstate Ins. Co.,* 20 AD3d 633; *Johnson v Travelers Ins. Co.,* 269 NY 401; *Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46.) II. Plaintiff is not "totally disabled" within the meaning of the Life Insurance Company of Boston & New York's policy. III. The terms of the Life Insurance Company of Boston & New York's policy are clear and unambiguous. (*Michelson v Massachusetts Cas. Ins. Co.,* 102 AD2d 1003; *Jones v St. Paul Fire & Mar. Ins. Co.,* 295 AD2d 569; *Physicians' Reciprocal Insurers*

*v Abraham,* 303 AD2d 734; *Canfield v Peerless Ins. Co.,* 262 AD2d 934; *Salimbene v Merchants Mut. Ins. Co.,* 217 AD2d 991; *Gates v Prudential Ins. Co. of Am.,* 240 App Div 444.) IV. Plaintiff is bound by the coverage afforded under the Life Insurance Company of Boston & New York's policy despite his contention that the coverage did not comport with his understanding. (*Madhvani v Sheehan,* 234 AD2d 652; *Noroian v Cohen,* 7 AD3d 288; *Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.,* 273 AD2d 817.) V. Coverage under the Life Insurance Company of Boston & New York's policy is not illusory. (*Ciesinski v Town of Aurora,* 202 AD2d 984; *Lawton v Lawton,* 239 AD2d 866; *Schwartz v State Farm Mut. Auto. Ins. Co.,* 174 F3d 875; *Allstate Ins. Co. v Zuk,* 78 NY2d 41; *Matter of Nationwide Mut. Ins. Co. v Davis,* 195 AD2d 561; *Slayko v Security Mut. Ins. Co.,* 285 AD2d 875; *Centennial Life Ins. Co. v Scherrer,* 191 AD2d 298; *Taterka v Nationwide Mut. Ins. Co.,* 91 AD2d 568, 59 NY2d 743; *Niccoli v Monarch Life Ins. Co.,* 70 Misc 2d 147, 45 AD2d 737, 36 NY2d 892; *Dawes v First Unum Life Ins. Co.,* 851 F Supp 118.) VI. Public policy does not mandate a finding of coverage. (*Slayko v Security Mut. Ins. Co.,* 98 NY2d 289.)

### OPINION OF THE COURT

Pigott, J.

The principal issue presented in this appeal is whether the definition of "total disability" in a disability income policy is ambiguous and, if not, whether plaintiff satisfies the requirements of that definition. We conclude that the definition is not ambiguous and plaintiff failed to establish his entitlement to benefits under the policy as a matter of law.

In 1992, plaintiff James J. White, Jr., a physician who specialized in orthopedic spinal surgery, purchased a disability income policy from First UNUM Life Insurance Company. In 1996, the policy was transferred to defendant Continental Casualty Company (CNA), and again, in 2001, to defendant Life Insurance Company of Boston & New York (LICOBNY). Prior to the 2001 transfer, the policy provided that plaintiff would be considered totally disabled if he was "unable to perform the substantial and material duties of [his] occupation due to an Injury or Sickness." After the policy transfer, the definition of total disability was changed by adding a second provision which required that plaintiff not be able to "[perform] the duties of any gainful occupation for which [he is] reasonably fitted by education, training, or experience." Plaintiff does not dispute that he was notified of the change in the language of the policy.

In December 2001, plaintiff informed defendant LICOBNY (defendant\*) that he was unable to pursue his occupation as an orthopedic surgeon due to a hip condition and sought disability benefits under the policy. After defendant denied the claim, plaintiff commenced this breach of contract action. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and the Appellate Division, with two Justices dissenting, affirmed, holding that plaintiff failed, as a matter of law, to meet the policy definition of total disability. Plaintiff appealed to this Court as of right, based on the two-justice dissent on a question of law, arguing that the definition of total disability, particularly the definition's second provision, is ambiguous and renders coverage illusory. Plaintiff argues that, absent the second provision, he satisfied the definition of total disability as a matter of law. In the alternative, plaintiff contends that a triable question of fact exists on this issue. We conclude that these arguments lack merit and therefore affirm the order of the Appellate Division.

As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]), and the interpretation of such provisions is a question of law for the court (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]; *Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]). It is well settled that "[a] contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002] [brackets in original], quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978], *rearg denied* 46 NY2d 940 [1979]). "Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (*Greenfield*, 98 NY2d at 569-570 [citations omitted]). If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]).

Here, in order to receive disability income benefits under the policy, plaintiff is required to establish that he is "unable to

---

\* Defendant CNA was granted summary judgment dismissing the complaint against it and is not a party to this appeal.

perform the substantial and material duties" of an orthopedic surgeon and not be "performing the duties of any gainful occupation for which [he is] reasonably fitted by education, training, or experience." Contrary to plaintiff's assertion, this definition is "reasonably susceptible of only one meaning," and thus, is clear and unambiguous (*Greenfield*, 98 NY2d at 570; *see Michelson v Massachusetts Cas. Ins. Co.*, 102 AD2d 1003, 1004 [3d Dept 1984] [holding that similar policy language defining total disability was "clear and unambiguous"]).

In addition, although the question of whether a policyholder's condition falls within the policy's definition of total disability is typically one for a jury (*see McGrail v Equitable Life Assur. Socy. of U. S.*, 292 NY 419, 425 [1944]), here, plaintiff failed to present any evidence demonstrating the existence of a triable issue of fact concerning whether he is totally disabled under the policy. Clearly, plaintiff satisfied the first provision of the definition inasmuch as he stopped performing orthopedic surgeries due to medical problems prior to filing a claim under the policy. However, as to the second provision, the evidence in the record demonstrates that plaintiff renders second medical opinions on spinal surgery, performs independent medical examinations and serves as an expert medical witness. Therefore, the courts below correctly determined that, as a matter of law, plaintiff is "performing the duties of [a] gainful occupation for which [he is] reasonably fitted by [his] education, training, or experience," and thus, he is not totally disabled within the meaning of the policy.

Plaintiff's remaining contentions lack merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.