GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Appellant, v JOHN RUSSELL, Respondent. [857 NYS2d 400]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 18, 2007 in a declaratory judgment action. The judgment, inter alia, declared that plaintiff is obligated to defend and indemnify defendant in two underlying personal injury actions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that it is not obligated to defend or indemnify defendant in two underlying personal injury actions. The plaintiffs in those actions were injured when the vehicle driven by one, in which the other was a passenger, collided with a vehicle driven by defendant and owned by plaintiff's insured, a car dealership (hereafter, Baldo). Defendant, a customer of a consultant for Niagara Car and Truck (Niagara), asked the consultant to locate a late-model Cadillac or Lexus for him to purchase. After the consultant located a Cadillac through Baldo's employee, the consultant made arrangements with the employee to pick up the vehicle from Baldo, and the consultant would then deliver the vehicle to defendant for a test drive. The consultant provided dealer plates from Niagara when he picked up the vehicle, and no paperwork memorialized the transaction. It is undisputed that defendant had no personal contact with Baldo and that no Baldo employees were aware of defendant's identity. According to the consultant's arrangement with Baldo's employee, the consultant would return the vehicle to Baldo in the event that defendant did not want to purchase it and, alternatively, Niagara would purchase the vehicle from Baldo and then sell it to defendant in the event that defendant decided to purchase it. Defendant was involved in the accident with the plaintiffs in the underlying actions while test driving the vehicle, and those plaintiffs commenced their respective actions against defendant, the consultant individually and doing business as Niagara, and Baldo.

We conclude that Supreme Court properly granted the motion of defendant for summary judgment seeking, inter alia, a declaration that plaintiff is required to defend and indemnify him in the underlying personal injury actions based on his status as an insured under a garage liability insurance policy issued by

plaintiff to Baldo. The policy defines "insureds" as permissive users of Baldo's vehicles, but it excludes from that definition four categories of permissive users, including "[y]our customers" with sufficient personal automobile insurance. Plaintiff disclaimed coverage on the ground that, although defendant was a permissive user, he was Baldo's customer with sufficient automobile insurance.

We conclude that defendant does not fall within the meaning of "[y]our customers" and thus that plaintiff was not entitled to disclaim coverage on that ground. It is well established that, "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language," and such exclusions are to be narrowly construed (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). Moreover, "unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170 [2008]). Here, it is undisputed that defendant had no contact with Baldo and transacted no business with Baldo, and we thus conclude that the policy language excluding coverage for "[y]our customers" cannot be construed to include defendant. Defendant thus was a permissive user of the vehicle within the meaning of an insured under plaintiff's policy with Baldo. We have considered plaintiff's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Smith, Green and Pine, JJ.