■ PETER A. LUSK, Appellant, v CATHERINE G. LUSK, Respondent. [866 NYS2d 112]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered November 13, 2007, awarding defendant recovery from plaintiff in the amount of $649,901.79, plus interest, and bringing up for review an order, same court and Justice, entered August 22, 2007, which, inter alia, granted defendant's motion to direct plaintiff to remit to her 50% of the parties' 1997 federal income tax refund, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Section 8.4 of the parties' separation agreement provides, "If a tax refund or credit is due for any joint return filed by the parties, such refund or credit shall be divided equally by the parties." The subject refund was issued for the 1997 tax year, for which year the parties filed a joint federal income tax return. Accordingly, defendant is entitled to half of the refund (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

We reject plaintiff's argument that, because the refund resulted from postdivorce business losses that were carried back to 1997, the refund is his separate property and not marital property to which defendant has a claim. The disposition of the tax refund is governed by the parties' separation agreement (*see Matter of Meccico v Meccico*, 76 NY2d 822 [1990]). Nor is the agreement ambiguous merely because it does not address the specific contingency of a tax refund obtained as a result of the filing of a postdivorce, amended return (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Extrinsic evidence as to the parties' intent is therefore inadmissible (*id.*).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.