■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v SEGUNDO DIAZ, JR., et al., Respondents, et al., Defendants. [871 NYS2d 123]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 15, 2008, which, inter alia, denied plaintiff's motion for summary judgment on its first cause of action seeking a declaration that it has no duty to defend or indemnify

defendants Segundo Diaz, Jr. and Christina Diaz in the underlying personal injury action, and upon a search of the record, granted summary judgment in favor of said defendants on that cause of action, unanimously affirmed, with costs.

We agree with the motion court that the property on which occurred the accident that gave rise to the underlying action is an "[i]nsured location" within the meaning of the subject policy, which defines that term as, inter alia, "[v]acant land, other than farm land, owned by or rented to an 'insured,'" and "[l]and owned by or rented to an 'insured' on which a one or two family dwelling is being built as a residence for an 'insured'" (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]). We also agree that the word "built" encompasses the work being done here, i.e., the addition of a second floor to the building located on the property. In any event, to the extent that that term is ambiguous, the ambiguity must be resolved in defendants' favor (*id.*). Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.