# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1370**
**CA 11-01280**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

ROBERT V. WINSTEL, JR. AND CHRISTINE WINSTEL,
PLAINTIFFS,

      V          MEMORANDUM AND ORDER

ROMAR WNY PROPERTIES, LLC, DEFENDANT.
-----------------------------------------------
ROMAR WNY PROPERTIES, LLC, THIRD-PARTY
PLAINTIFF-RESPONDENT,

      V

ROMAR MECHANICAL SERVICES, HARLEM ROAD, INC.,
THIRD-PARTY DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (MICHAEL A. RIEHLER OF COUNSEL),
BUFFALO, FOR THIRD-PARTY PLAINTIFF-RESPONDENT.

---

  Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 8, 2011 in a personal injury action. The order, insofar as appealed from, denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

  It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

  Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert V. Winstel, Jr. (plaintiff) when he slipped and fell on property owned by defendant-third-party plaintiff (defendant) and leased to third-party defendant, plaintiff's employer, pursuant to a commercial lease that contained an indemnification clause. Defendant thereafter commenced a third-party action seeking, inter alia, contractual indemnification. Supreme Court properly denied third-party defendant's motion seeking summary judgment dismissing the third-party complaint. Even assuming, arguendo, that defendant ultimately is held to be free from negligence, which would render the indemnification clause enforceable, we conclude that third-party defendant failed to meet its initial burden on the motion by establishing that the indemnification clause was not broad enough to encompass the attorney's fees and disbursements incurred by defendant (cf. *Boshnakov v Board of Educ. of Town of Eden*, 302 AD2d

857, 858-859; *see generally Boyd v Bethlehem Steel Corp.*, 247 AD2d 864, *lv dismissed in part and denied in part* 92 NY2d 885; *Blair v County of Albany*, 127 AD2d 950, 951).

Entered:  December 23, 2011

Frances E. Cafarell
Clerk of the Court