Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 5, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff insurer’s motion for summary judgment on the third cause of action in its amended complaint seeking a declaration that it has no duty to defend or indemnify defendant Amoco Construction Corp. in the underlying personal injury action, unanimously modified, on the law, to grant, upon a search of the record, summary judgment to defendant Amoco, declaring that plaintiff insurer has a duty to defend and indemnify Amoco in the underlying personal injury action, and otherwise affirmed, with costs.
Adolfo Estrada, the plaintiff in the underlying personal injury action was employed by Amost Dry Wall Inc., and his injury occurred in the course of his employment. He sued, among others, Amoco, and Amoco sought coverage under a policy issued by the plaintiff in this action. The policy at issue provides coverage where the insured is the employer of the injured worker. The policy defines the insured, “you,” as both Amost and Amoco.
We reject plaintiff’s contention that because Amoco is not Estrada’s direct employer, it need not provide coverage to Amoco under the policy. Defendants Amoco and Amost Drywall Inc. jointly purchased insurance for a joint work site, and the two companies have the same owner and management, and worked together on the same covered location where Estrada was injured. Further, the plain and ordinary meaning of the provisions of the insurance contract clearly cover Amoco with respect to Estrada’s claims because the policy combines Amoco and *636 Amost for purposes of coverage (see generally White v Continental Cas. Co., 9 NY3d 264, 267 [2007]).
Concur—Mazzarelli, J.E, Acosta, Renwick, Richter and Gische, JJ.