RIPPLE, Circuit Judge:
Johnson Controls, Inc. (“Johnson Controls”) appeals from the district court’s grant of summary judgment in favor of IAP Worldwide Services, Inc. (“IAP”).[1] The district court held that IAP was entitled to indemnification for losses it had incurred in connection with litigating, and eventually settling, a dispute on behalf its wholly-owned subsidiary, Readiness Management Support, L.C. (“RMS”), which IAP purchased from Johnson Controls. The district court also held that the parties’ indemnification agreement covered IAP’s attorneys’ fees and costs associated with settling the dispute for RMS. Johnson Controls timely appealed,[2] and IAP filed a timely cross-appeal concerning the amount of attorneys’ fees determined to be due under the parties’ indemnification agreement. For the reasons set forth in this opinion, we affirm in part and reverse in part the judgment of the district court.
I
BACKGROUND
Prior to March 30, 2005, RMS was a wholly-owned subsidiary of Johnson Controls Worldwide Services (“JCWS”). JCWS was a wholly-owned subsidiary of Johnson Controls. In 2002, RMS contracted with the Air Force to build an expeditionary village in Qatar, called “Task 5076.” To complete Task 5076, RMS contracted with Fluor Intercontinental, Inc. (“Fluor”) for some of the construction. Fluor in turn subcontracted some of the work to a subcontractor that failed to perform adequately under the contract by delivering non-conforming materials. Correcting the subcontractor’s mistakes generated large cost overruns for Fluor. Consequently, Fluor terminated its contract with the subcontractor. RMS and Fluor then jointly petitioned the Air Force to obtain reimbursement of Fluor’s cost overruns, and Fluor demanded reimbursement from RMS for amounts not reimbursed by the Air Force.
While negotiations with the Air Force were underway, Johnson Controls sold JCWS, RMS’s parent, to IAP through a stock purchase agreement (the “SPA”). *915 JCWS and IAP ultimately merged. The SPA provided for IAP’s acquisition of all of JCWS’s subsidiaries, including RMS. It is clear from the record that at the time of the SPA, Johnson Controls knew of Fluor’s demands for reimbursement from RMS.
The SPA contained a choice-of-law provision, providing that the contract would be interpreted under New York law. It also contained an indemnification provision, Section 8.3(e). Section 8.3(e) states that,
[a]fter the Closing, Seller [Johnson Controls] agrees to indemnify and hold harmless Buyer [IAP] and the Company [JCWS], to the extent permitted by applicable law, from and against all demands, claims, actions or causes of action, assessments, losses, damages and liabilities (collectively “Damages”), asserted against or actually incurred by Buyer or the Company as a result of
several actions or claims, listed in Section 8.3(e)(x).[3] The SPA, however, also expressly limits Johnson Control’s duty of indemnification as follows: Section 8.3(e) provides, in pertinent part,
Seller’s obligation to indemnify Buyer for any Damages pursuant to this Section 8.3(e) shall be effective and Seller shall be liable only to the extent that ... written notice of a Buyer Claim in respect of such Damages, specifying in detail the basis therefor and referring to this Section 8.3(e), has been received by Seller on or prior to [March 30, 2007].... [4]
The parties executed the SPA on March 30, 2005.
Prior to closing on the sale, however, IAP and Johnson Controls executed Amendment No. 1 to the SPA. Amendment No. 1 amended Section 8.3(e)(x) “to include indemnity for Damages arising out of or relating to item[ ] 1[ ] ... set forth on Exhibit A to this Amendment, subject to the limitations in Section 8.3(e).”[5] Item 1 in Exhibit A is entitled “RMS AFCAP.”[6] It recounts the ongoing dispute between RMS, Fluor and the Air Force (“the Fluor dispute”) and states that “[t]he maximum exposure in settling this issue for RMS is approximately $26 million.”[7] The parties executed the amendment on February 11, 2005, and closed on the sale on March 30, 2005.
After closing, IAP, as the new owner of RMS, became involved in RMS and Fluor’s negotiations with the Air Force. On April 14, 2009, after reaching a partial settlement with the Air Force, IAP requested that Johnson Controls, RMS’s former owner, indemnify it. Johnson Controls refused.
IAP and RMS then brought a declaratory judgment action against Fluor, seeking a determination that RMS was not liable for the remainder of Fluor’s cost overruns. IAP and RMS also brought a claim against Johnson Controls for indemnification under the SPA. The district court realigned the parties, making Fluor the plaintiff, RMS and IAP the defendants and Johnson Controls a third-party defendant. The indemnification action between IAP and Johnson Controls was stayed, pending the resolution of the litigation between RMS and Fluor. RMS and Fluor settled before trial.
*916 IAP and Johnson Controls subsequently filed cross-motions for summary judgment on the indemnification action. Johnson Controls argued that IAP was not entitled to indemnification for two reasons. First, it asserted that the SPA’s plain language establishes that Johnson Controls only undertook to indemnify IAP, and the claim for which IAP sought indemnification was made against RMS, not IAP. Second, Johnson Controls submitted that IAP had failed to satisfy Section 8.3(e)’s notice requirements because it did not request indemnification until April 2009. The district court rejected both of these arguments and determined that the plain language of the SPA, in conjunction with Amendment No. 1, established that Johnson Controls had received the required notice and had a duty to indemnify IAP for losses sustained as a result of the Fluor dispute.
At summary judgment, IAP sought only its fees from settling RMS’s dispute with Fluor, including those it incurred before requesting indemnification from Johnson Controls. IAP did not seek fees incurred in the present action against Johnson Controls for indemnification. The district court awarded IAP attorneys’ fees, determining that, under New York law, broadly worded indemnification agreements, like Section 8.3(e), cover attorneys’ fees. The district court then appointed a special master to calculate a reasonable fee amount and to determine whether IAP was entitled to costs.
To establish its attorneys’ fees, IAP submitted billing invoices, which were billed in quarter-hour, rather than tenth-of-an-hour, increments as required by the district court’s initial scheduling order and Local Rule 54.1. IAP also admits that it failed to file some invoices by the deadline set out in the district court’s scheduling order and Local Rule 54.1.[8]
The special master recommended that IAP’s attorneys’ fees be reduced in three ways: (1) by disallowing the fees contained in the invoices which were not timely filed in accordance with Local Rule 54; (2) by reducing fees for IAP’s failure to submit bills in tenth-of-an-hour increments; and (3) by reducing the fees requested by ten percent to compensate for duplicative or vague time entries. The special master also determined that IAP was entitled to costs pursuant to the district court’s grant of summary judgment. After de novo review, the district court adopted the special master’s recommendation and awarded IAP $1,882,405.68 in attorneys’ fees and $308,804.90 in costs.
Johnson Controls timely appealed, and IAP cross-appealed, challenging only the district court’s disallowance of fees which were not timely filed in accordance with Local Rule 54.1 and which were not billed in tenth-of-an-hour increments.
II
DISCUSSION
We review the district court’s grant of summary judgment de novo. Moorman v. UnumProvident Corp., 464 F.3d 1260, 1264 (11th Cir.2006). By the parties’ agreement, New York law governs the SPA’s interpretation.[9]
*917 A. Indemnification of IAP
It is undisputed that Section 8.3(e) of the SPA is not facially ambiguous; therefore it must be construed according to its plain meaning. See Bailey v. Fish & Neave, 8 N.Y.3d 523, 837 N.Y.S.2d 600, 868 N.E.2d 956, 959 (2007).
Section 8.3(e) governs Johnson Controls’ duty to indemnify IAP for specified “Damages.” “Damages” are defined in the agreement as “all demands, claims, actions or causes of action, assessments, losses, damages and liabilities” arising from certain events.[10] Thus, Section 8.3(e), as amended by Amendment No. 1, provides that “[Johnson Controls] agrees to indemnify and hold harmless [IAP] ... from and against all ... lossesf ] ... actually incurred by”[11] IAP “arising out of or relating to”[12] the Fluor dispute, for which “[t]he maximum exposure in settling this issue for RMS is approximately $26 million.” [13] It bears emphasis that the parties in amending the SPA’s indemnification provision through Amendment No. 1 explicitly contemplated “settling [the Fluor dispute] for RMS.”[14] Under the amended Section’s plain language, IAP is entitled to indemnification from Johnson Controls for the actual losses it sustained because of the Fluor dispute, including those incurred by settling the Fluor dispute “for RMS.”[15]
Johnson Controls submits that it does not owe IAP indemnification because RMS, not IAP, had liability as a result of the Fluor dispute. Although Johnson Controls is correct that only RMS, and not IAP, was liable to Fluor because of the cost overruns associated with the Air Force project, it is incorrect in concluding that this absence of liability reheves it of its duty of indemnification. Johnson Controls did not undertake to indemnify IAP only for liability incurred as a result of the Fluor dispute. Rather it agreed to indemnify IAP for a host of damages, including losses actually incurred.
The district court found that IAP suffered actual losses as a result of RMS’s litigation and ultimate settlement with Fluor.[16] At summary judgment, Johnson Controls produced no evidence disputing this fact.[17] Its only argument on appeal is that because IAP and RMS are separate legal entities, IAP cannot be liable for RMS’s debts. However, the absence of legal liability does not preclude finding that IAP suffered actual losses, which the SPA specifically provides for, as a result of the Fluor dispute. Indeed, in order to give effect to the parties’ agreement, including Amendment No. 1, we cannot accept Johnson Controls’ argument that IAP is precluded from suffering actual losses as a result of the Fluor dispute because IAP and RMS are distinct legal entities. Were this sufficient to preclude IAP from incurring an actual loss, Amendment No. 1 would be meaningless.
Under New York law, actual loss must be given its “plain and ordinary meaning.” White v. Cont'l Cas. Co., 9 N.Y.3d 264, 267, 878 N.E.2d 1019, 848 N.Y.S.2d 603 (N.Y. *918 2007). IAP presented evidence that it suffered real, tangible losses as a result of the Fluor dispute. As the district court noted, Johnson Controls chose not to challenge or rebut this evidence, see R.292 at 8, and so has forfeited its opportunity to do so.
However, we note that IAP has incurred actual losses. The shared balance sheet reflects more than mere accounting practices between IAP and RMS; it reflects the reality of the ownership structure whereby IAP funded RMS’s settlement with Fluor and the associated attorneys’ fees. First, IAP incurred monetary losses by funding RMS’s litigation. Second, RMS is IAP’s wholly-owned subsidiary; in short, RMS itself is one of IAP’s assets. When RMS’s net worth was reduced because of expenses incurred in negotiating, litigating and ultimately settling with the Air Force and with Fluor, IAP suffered a cognizable monetary loss — its asset (RMS) was diminished in value.
The SPA as amended by Amendment No. 1 clearly contemplates indemnifying IAP’s “settling this issue for RMS.”[18] The district court found that, based on uncon-troverted evidence, IAP incurred actual losses in doing just that. Thus, the SPA, as amended, covers the losses IAP actually incurred because of the Fluor dispute.
B. Notice Requirement
One of the prerequisites for obtaining indemnification for damages, as defined in the SPA, is that sufficient notice of the damages be given. Giving notice of damages does not trigger Johnson Controls’ duty to indemnify; rather it preserves IAP’s ability to request indemnification later. Notice of any damages incurred by IAP must be given in accordance with Section 8.3(e), which is the subject of the present dispute.[19]
Section 8.3(e) provides:
[Johnson Controls’] obligation to indemnify [IAP] for any Damages pursuant to this Section 8.3(e) shall be effective and [Johnson Controls] shall be liable only to the extent that ... written notice of a Buyer Claim in respect of such Damages, specifying in detail the basis therefor and referring to this Section 8.3(e), has been received by [Johnson Controls] on or prior to the date specified by Section8.3(b).... [20]
Section 8.3(b)(iii) specifies that such notice be given before the closing’s second anniversary, March 30, 2007.[21] Notice will be deemed given if it is in writing and delivered by certain methods.[22] However, these methods are not exclusive.
*919 The district court found that Section 8.3(e)’s notice requirements were satisfied by Amendment No 1. We agree. Amendment No. 1 satisfies the four requirements of Section 8.3(e): (1) It was written; (2) it specified in detail the basis for the damages claimed; (3) it referred to Section 8.3(e); and (4) it was received by Johnson Controls prior to March 30, 2007. Moreover, the purpose of the Amendment was to memorialize the Fluor dispute and Johnson Controls’ obligation to indemnify IAP for any losses arising from it. We agree with the district court that, given the language and evident purpose of Amendment No. 1, it “would be an absurd result”[23] to hold that IAP was obligated to give Johnson Controls additional notice of the Fluor dispute and that the dispute was covered by Section 8.3(e)’s indemnification provision.
We cannot accept Johnson Controls’ arguments to the contrary. First, Section 8.3(e) provides detailed requirements for giving notice of damages. Contrary to Johnson Controls’ assertions, that section does not contemplate additional requirements other than those required by the SPA itself. There is no basis for our adding additional requirements to the facially unambiguous notice provision. Second, we cannot agree with Johnson Controls’ contention that this interpretation renders portions of the SPA meaningless. As Johnson Controls correctly notes, Amendment No. 1 recites that it is “subject to the limitations in Section 8.3(e).”[24] Finding that Amendment No. 1 satisfied Section 8.3(e)’s notice requirement does not render this language a nullity. Indeed, IAP was still subject to, and met, other requirements under Section 8.3(e), including the prohibition on consequential damages, the threshold amount for Johnson Controls’ liability, which the parties do not dispute was met, and a cap on damages.[25]
Amendment No. 1 expressly provided for indemnification arising out of the Fluor dispute, an ongoing event. Indeed, providing notice of this indemnifiable claim is the only conceivable purpose of the amendment. It satisfied the formalities set forth in Section 8.3(e); there was no need for additional notice to be given. Therefore, we conclude that IAP gave Johnson Controls sufficient notice and so is entitled to indemnification.
C. Indemnification for Attorneys’ Fees
Both parties raise claims concerning Local Rule 54.1 and its impact on the district court’s determination of the amount of attorneys’ fees for which Johnson Controls owed IAP indemnification.[26] We begin by *920 addressing Johnson Controls’ claim. Then we address the issue IAP raises on cross-appeal.
1. Johnson Controls’ Contentions
At summary judgment, IAP sought indemnification for the attorneys’ fees it had incurred throughout the Fluor dispute, including those incurred litigating against the Air Force.[27] However, IAP did not seek recovery for the fees it incurred litigating against Johnson Controls. The district court entered summary judgment in favor of IAP, holding that Johnson Controls had undertaken to indemnify IAP for attorneys’ fees under the SPA. Johnson Controls now contends that IAP is not entitled to any attorneys’ fees. We cannot accept this argument.
One preliminary matter deserves our attention.[28] Prior to summary judgment, the parties filed a Joint Motion to Bifurcate and Stay Discovery into Plaintiffs’ Attorneys’ Fees.[29] This joint motion asked the district court to
bifurcate and stay all discovery into attorneys’ fees until the questions of Defendant’s duty to indemnify, Plaintiffs’ [30 ] entitlement to fees, and Defendant’s ability to challenge the reasonableness of those fees have been decided, either on summary judgment or at trial. Should discovery into the fees remain necessary after the foregoing issues have been decided, the parties agree that the question of the reasonableness of Plaintiffs’ attorneys’ fees may be resolved through briefing to the Court or, if necessary, in a hearing before the Court.[31]
The parties therefore agreed that IAP’s entitlement to fees would be addressed on summary judgment. In its motion for summary judgment, IAP specifically asserted its claim to indemnification for fees *921 incurred in actions taken before IAP requested indemnification, including those incurred in litigating against the Air Force. Johnson Controls ignored this specific claim at summary judgment. Indeed, it ignored all of IAP’s arguments concerning attorneys’ fees, relying instead on its more general argument that IAP was not entitled to any indemnification. However, during the damages portion of the proceeding below, Johnson Controls challenged IAP’s entitlement to indemnification for fees incurred prior to its April 14, 2009 request for indemnification.
The special master determined that the issue of whether IAP was entitled to fees incurred prior to its April 14, 2009 indemnification request was not properly before him because it was part of the earlier proceedings: the inquiry concerning IAP’s entitlement to indemnification.[32] Johnson Controls has not appealed this determination of the special master, which was adopted by the district court. Therefore, it likely has forfeited any argument that the district court’s refusal to consider its argument was in error. See Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1152 (11th Cir.2011).
However, even if we were to ignore Johnson Controls’ forfeiture, we agree that this issue was improperly raised in the second stage of the proceeding that was limited to the reasonableness of IAP’s claims. Whether IAP was entitled to attorneys’ fees arising out of certain events is properly understood as being part of the earlier entitlement-to-fees inquiry rather than the reasonableness-of-fees inquiry; it is not a mere line item to be considered in calculating fees. Given IAP’s clear request for summary judgment on its entitlement to indemnification for fees, Johnson Controls was on notice that it needed to bring forth its evidence on this issue. However, Johnson Controls decided neither to acknowledge nor to respond to IAP’s claim. Given these circumstances, we agree with the district court that this issue was not timely raised in the district court, and we shall not consider it on appeal.
We now turn to Johnson Controls’ remaining argument concerning IAP’s attorneys’ fees.[33] Johnson Controls contends that, because of IAP’s admitted failure to comply strictly with the requirements of Local Rule 54.1, IAP should have been denied all recovery for attorneys’ fees. However, because Local Rule 54.1 does not apply to IAP’s claim for attorneys’ fees as contractual damages under the SPA, we cannot agree.
The applicability of Local Rule 54.1 is a question of law, which we review de novo. See Bailey v. ERG Enters., LP, 705 F.3d 1311, 1316 (11th Cir.2013). Local Rule 54.1 applies to “Motions for Attorneys’ Fees.” N.D. Fla. Loe. R. 54.1. It governs postjudgment motions for prevailing-party fees, and its language tracks Federal Rule of Civil Procedure 54.
By its own terms, it does not apply to IAP’s stand-alone claim for attorneys’ fees. It is inapplicable because IAP did not request prevailing-party fees. Indeed, it did not seek any attorneys’ fees incurred litigating its entitlement to indemnification against Johnson Controls. Rather, IAP’s requested fees are contractual damages; its entitlement to fees flows from the SPA *922 rather than its status as a prevailing party-in the present litigation.
IAP brought a stand-alone claim for attorneys’ fees. “A ‘stand-alone’ claim for attorneys fees is one that can be brought as an independent claim, such as, for example, a claim brought by an attorney to recover fees from a former client pursuant to a retainer agreement.” Carolina Power & Light Co. v. Dynegy Mktg. & Trade, 415 F.3d 354, 360 (4th Cir.2005). Essentially, a stand-alone claim is found “when a contract provides for an award of attorneys fees or legal costs, not as costs to the prevailing party, but as an element of damages.” Id. at 362. Here, IAP’s attorneys’ fees are due under the agreement as losses actually incurred, which arose from the Fluor dispute. They are not the fees incurred litigating against Johnson Controls.
Johnson Controls nevertheless maintains that, because section (B) of Local Rule 54.1 purports to apply “[i]n any proceeding in which any party is seeking an award of attorneys’ fees from the opposing party pursuant to any statute, contract, or law,” it governs IAP’s demand for indemnification of attorneys’ fees incurred. We cannot accept this construction of Local Rule 54.1, which is entirely dependent on one phrase in section (B). First, Local Rule 54.1 must be considered as a whole; It is expressly limited to motions for attorneys’ fees, and its similarity, and direct reference, to Federal Rule of Civil Procedure 54 indicates that it governs only fee petitions submitted by prevailing parties.[34]
Second, the subsection relied on by Johnson Controls applies only to awards of attorneys’ fees from the opposing party in the present action. N.D. Fla. Loe. R. 54.1(B). IAP did not seek an award from Johnson Controls as its opposing party in this action. Rather, it sought to enforce the SPA and Johnson Controls’ obligation under it to reimburse IAP for attorneys’ fees it had expended in other actions attempting to settle the Fluor dispute for RMS. In short, IAP requested contract damages, which are wholly independent of IAP’s status as a prevailing party in the present action.
The district court therefore erred in finding Local Rule 54.1 applicable to IAP’s stand-alone claim for attorneys’ fees. Thus, Johnson Controls’ argument that Local Rule 54.1 bars IAP’s recovery necessarily fails.[35]
2. IAP’s Contentions on Cross-Appeal
Now we turn to IAP’s cross-appeal. IAP seeks reversal of the district court’s *923 disallowance of $637,030.41 in fees. The special master recommended that the district court disallow fees in the amount of $578,500 for “its failure to file the invoices with the Court pursuant to the local rules of court”[36] and $58,530.41 for IAP’s attorneys’ failure to bill in tenth-of-an-hour increments.[37] IAP objected to these reductions before the district court, reiterating its objection to the application of Local Rule 54.1. IAP also asked, in the alternative, that the district court exercise its discretion and excuse its noncompliance with the local rule, should it apply. The district court, after reviewing IAP’s objections, accepted the special master’s recommendations and, declining to exercise its discretion, disallowed $637,030.41 of IAP’s claimed fees.
Under New York law, “[t]he determination of reasonable counsel fees is a matter within the sound discretion of the trial court.” Shrauger v. Shrauger, 146 A.D.2d 955, 537 N.Y.S.2d 84, 85 (N.Y.App.Div.1989). The only stated basis in the record for the disallowance of these fees is the special master’s determination that IAP failed to comply with Local Rule 54.1. The district court “approved and ... incorporated by reference” the special master’s report and recommendation.[38] As we already noted, Local Rule 54.1 does not apply to IAP’s stand-alone claim of indemnification for attorneys’ fees. Therefore, disallowing indemnification for fees that did not comply with Local Rule 54.1 was a mistake of law. “[A] mistake of law is, by definition, an abuse of discretion.” United States v. Hoffer, 129 F.3d 1196, 1200 (11th Cir.1997).
Johnson Controls urges this court to affirm the district court’s disallowance of IAP’s fees on the ground that IAP failed to comply with the district court’s initial scheduling order. We decline to do so. The initial scheduling order imposes requirements identical to those contained in Local Rule 54.1. Given the similarities in content and language, it is evident that the order incorporated Local Rule 54.1, to which IAP’s stand-alone claim is not subject. We therefore cannot penalize IAP for failing to comply with prevailing-party fee requirements, whether contained in Local Rule 54.1 or in the district court’s scheduling order.
Accordingly, we must reverse the district court’s disallowance of IAP’s attorneys’ fees for noncompliance with Local Rule 54.1. On this issue, we remand to the district court with directions to amend its judgment to include the previously disallowed $637,030.41.
D. Indemnification for Costs
IAP sought the costs it incurred in the Fluor dispute in its Amended Complaint. It prayed “[t]hat this Court award Plaintiff ] recovery for any additional liability, costs, fees, or other obligations resulting from the dispute between RMS and Fluor.”[39] IAP’s request for costs also was memorialized in the parties’ joint report on their discovery planning meeting.[40] How *924 ever, during discovery and in support of its motion for summary judgment, IAP produced no evidence of its costs. Nor did it request costs in its motion for summary judgment. Consequently, the district court did not discuss or purport to award costs in its grant of summary judgment.
The district court next appointed a special master to “decide the amount of reasonable fees and costs in accordance with” Local Rule 54 and to “decide whether the Order granting summary judgment (Doc. 292) awarded IAP costs incurred in this dispute with Fluor in addition to the attorneys’ fees incurred in this dispute.”[41] In this phase of the proceedings, IAP produced evidence of its costs. Johnson Controls reviewed this evidence and produced an expert report opining on the costs’ lack of reasonableness. Before the special master, Johnson Controls objected to any award of costs. The special master rejected its arguments and found that the district court awarded costs when the district court awarded IAP indemnification for damages arising out of the Fluor dispute.
Johnson Controls objected to the special master’s report to the district court. The district court rejected these arguments and awarded IAP $308,804.90 in costs. On appeal, Johnson Controls challenges only the award of costs, not the amount awarded. It contends that because IAP did not seek costs at summary judgment, the district court violated its due process rights by later awarding costs. We must disagree.
Whether the SPA provides indemnification for IAP’s costs incurred in settling the Fluor dispute is a matter of law, which we review de novo. See Natco Ltd. P’ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1193-94 (11th Cir.2001). Under New York law, which applies here, broadly worded indemnification agreements are construed as covering the indemnified party’s costs. See, e.g., Gary v. Flair Beverage Corp., 60 A.D.3d 413, 875 N.Y.S.2d 4, 7 (N.YApp.Div.2009) (holding that the indemnified party “is also entitled to ... costs pursuant to the broad language of the indemnification clause” which did not explicitly mention costs); Boyd v. Bethlehem Steel Corp., 247 A.D.2d 864, 668 N.Y.S.2d 817, 818 (N.Y.App.Div.1998) (finding costs covered “[i]n view of the broad language of the indemnification provision,” which provided indemnification for “‘any loss or liability’ ”). Under the SPA’s broadly worded indemnification provision, we conclude that IAP was entitled to indemnification of its costs arising from the Fluor dispute as a matter of law.
Johnson Controls is correct that IAP did not seek its costs at summary judgment. However, this failure does not necessarily preclude the district court’s later sua sponte grant of summary judgment on that issue. “A district court possesses the power to enter summary judgment sua sponte provided the losing party was on notice that she had to come forward with all of her evidence.” Burton v. City of Belle Glade, 178 F.3d 1175, 1203 (11th Cir.1999) (internal quotation marks omitted). “[S]o long as the party against whom judgment will be entered is given sufficient advance notice and has been afforded an adequate opportunity to demonstrate why summary judgment should not be granted, then granting summary judgment sua sponte is entirely appropriate.” Id. at 1204.
Here, the district court’s instruction to the special master was to determine whether IAP’s entitlement to indemnification also included indemnification for costs. Johnson Controls understood this, as evidenced by its memoranda and briefs to the *925 special master and district court concerning IAP’s entitlement to indemnification for costs. Thus, Johnson Controls received notice that the issue of costs was going to be decided.[42] It also was afforded adequate opportunity to produce arguments and evidence in support of its position, which it took. It fully briefed the issue of IAP’s entitlement to costs under the SPA’s indemnification provision and the reasonableness of costs claimed before both the special master and the district court. Therefore, Johnson Controls received sufficient due process to sustain the district court’s sua sponte grant of summary judgment.
IAP was entitled to indemnification for costs as a matter of law; Johnson Controls could only preclude summary judgment by showing a genuine issue of material fact with respect to the reasonableness of IAP’s costs. However, Johnson Controls has not appealed the district court’s determination that IAP’s asserted costs, which were supported by evidence, were reasonable. Instead it rests its entire argument on the alleged procedural impropriety of the district court’s grant of summary judgment. As we have noted earlier, because Johnson Controls received adequate opportunity to litigate the matter, we affirm the district court’s sua sponte grant of summary judgment on the issue of indemnification for costs.
Conclusion
For the foregoing reasons, we affirm in part and reverse in part the judgment of the district court.
AFFIRMED IN PART AND REVERSED IN PART.

. The district court’s jurisdiction was predicated on 28 U.S.C. § 1332. IAP is a Delaware corporation with its principal place of business in Florida. Johnson Controls is a Wisconsin corporation with its principal place of business in Wisconsin.

. This court’s jurisdiction is predicated on 28 U.S.C. § 1291.

. R.251-2 at 55(SPA).

. Id. at 55-56.

. R. 1-3 at 4 (Amendment No. 1).

. Id. at 7 (Amendment No. 1 Ex. A).

. Id. (emphasis added).

. Local Rule 54.1 governs motions for attorneys' fees. It provides, among other things: (1) the time for filing a motion for fees, (2) requirements for attorneys’ fee records and (3) how to determine fee amounts. N.D. Fla. Loe. R.54.1.

. R.251-2 at 62(SPA); R.l-3 at 6 (Amendment No. 1).

. R.251-2 at 55(SPA).

. Id.

. R.l-3 at 4 (Amendment No. 1).

. Id. at 7.

. Id. (emphasis added).

. Id.

. R.292 at 8. For example, IAP produced evidence that, in accordance with GAAP, IAP and RMS file consolidated financial statements, in which reductions in RMS’s value appear as losses to IAP. R.251-48 at 2-3.

. See R.292 at 8 (noting that Johnson Controls produced no evidence in response to IAP’s evidence that it sustained actual losses).

. R.l-3 at 7 (emphasis added) (Amendment No. 1). We do not require Johnson Controls to indemnity RMS, but rather, in accordance with the terms of Amendment No. 1, to indemnity IAP for losses incurred by IAP because of RMS’s dispute with Fluor. There is a difference between requiring Johnson Controls to indemnify RMS and requiring it to indemnity IAP for losses that RMS's actions caused IAP to suffer, which was the purpose of Amendment No. 1.

. A separate notice provision, Section 8.3(h)(i), governs requests for indemnification. As Johnson Controls notes, IAP requested indemnification on April 14, 2009. Appellant’s Br. 49. Section 8.3(h)(i) only requires that notice be "prompt,” and provides that “failure of an indemnified party to give timely notice hereunder shall not affect rights to indemnification hereunder, except and only to the extent that the indemnifying party demonstrates actual material damage caused by such failure.” R.251-2 at 57(SPA).

. Id. at 55-56.

. Id. at 55.

. Id. at 61. The specified methods are "personally, by telex, telegram, or facsimile transmission, or by registered or certified mail (return receipt requested) or nationally recognized private courier to the other party at the following address for such party (or at such *919 other address as shall be specified by like notice).” Id.

. R.292 at 7.

. R. 1-3 at 4 (Amendment No. 1).

. R.251-2 at 55-56(SPA).

. Local Rule 54.1 reads, in relevant part:
RULE 54.1 Motions for Attorneys’ Fees
(A) Time for Filing. A motion for an award of attorneys’ fees and related nontaxable expenses (not otherwise taxable as costs) shall be filed and served within the time specified in the scheduling order entered in the case and as otherwise provided in Fed.R.Civ.P. 54(d). The pendency of an appeal from the judgment shall not toll the time for filing the motion.
(B) Attorneys’ Fees Records. In any proceeding in which any party is seeking an award of attorneys’ fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys’ fees shall:
(1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and *920 each specific activity involved in the action (i.e., not just "research” or "conference”); and
(2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pen-dency of the action, for work done during the preceding month.
(3) If claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual and filed as specified below, together with the hourly rate at which such person is actually reimbursed.
(4) These records may be filed electronically under seal. If the attorney does not file these time records under seal, such records will remain unsealed. Attorney time records will be maintained electronically and will not be included in the electronic case file. Upon termination of the case or the determination of attorneys' fees, whichever occurs later, all time records in the case will be destroyed.
(5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.
N.D. Fla. Loe. R. 54.1 (citation omitted).

. R.250 at 25.

. Johnson Controls submits only that IAP is not entitled to any fees; it does not renew its previous challenges to the reasonableness of IAP’s claimed fees. Therefore, the only issue that Johnson Controls has raised on appeal is IAP’s entitlement to fees. Second, on appeal, Johnson Controls contends for the first time that IAP cannot recover for attorneys’ fees because they are consequential damages, which are disclaimed in Section 8.3(e). Johnson Controls has forfeited this argument by not raising it in the district court, and we shall not consider it. Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1152 (11th Cir.2011) (“It is well settled that issues not raised in the district court in the first instance are forfeited.”).

. R.244.

. At the time the joint motion was made, IAP and RMS both were proceeding against Johnson Controls. Ultimately only IAP was awarded summary judgment.

. R.244 at 2.

. R.331 at 5 n. 4.

. This argument also was not made at summary judgment but this is not a barrier to review. Because IAP’s compliance with Local Rule 54.1 could not be determined until discovery, which was stayed pending the resolution of IAP’s motion for summary judgment, Johnson Controls properly addressed this issue in the later reasonableness portion of the proceedings below.

. Federal Rule of Civil Procedure 54(d)(2) governs "Attorney's Fees” and is a prevailing-party fee rule. As the 1993 advisory committee’s note explains, section (d)(2) "establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.' It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees.... [I]t does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.” Fed. R.Civ.P. 54(d)(2) advisory committee’s note (1993).

. We note that even if Local Rule 54.1 did apply, IAP's noncompliance with the rule would not bar its recovery of attorneys’ fees. Contrary to Johnson Controls’ assertions, a district court has discretion to waive or excuse noncompliance with its local rules. See Quick v. Peoples Bank of Cullman Cnty., 993 F.2d 793, 798-99 (11th Cir.1993). Thus, the district court did not abuse its discretion in failing to deny all of IAP’s requested fees. Indeed, Johnson Controls’ interpretation of Local Rule 54 to require the total denial of fees is contrary to the district court's discretion. "[A] compulsory exercise of discretion is not discretion at all.” Id. at 799.

. R.331 at 10.

. Id. at 11.

. R.334 at 1.

. R.224 at 14.

. See, e.g., R.216 at 4 (requesting "indemnification from [Johnson Controls] for the settlement payment, and fees and costs incurred in connection with the recently settled Fluor claims, as well as the costs and fees associated with settling the related dispute with the Air Force”); id. at 5 ("IAP seeks approximately $7.2 million as reimbursement for its settlement payment to Fluor, and costs and fees related to reaching that settlement, including costs and fees incurred in the related claim against the Air Force”).

. R.329 at 2.

. Johnson Controls addressed the issue of costs in its August 8, 2011, Response to Plaintiffs' Opening Brief on Damages. R.316. It is unclear precisely when Johnson Controls was notified that the district court was considering awarding IAP costs. However, Johnson Controls clearly was aware of the court's intention on August 8, 2011; the district court ordered the special master to consider the issue on October 13, 2011, R.329, and the special master decided it on November 28, 2011, R.331. Therefore Johnson Controls had several months of notice prior to the determination of this issue, which is more than "a reasonable time to respond,” as required by Federal Rule of Civil Procedure 56(f).