■ STATE INSURANCE FUND et al., Respondents, v HERMITAGE INSURANCE COMPANY, Appellant. [681 NYS2d 354] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend the plaintiff Greenburgh/North Castle Union Free School District as a third-party defendant in a personal injury action entitled *Cappello v St. Christopher's— Jennie Clarkson Child Care Services, Inc.,* pending in the Supreme Court, Westchester County, under Index Number 12070/95, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered October 8, 1997, which, upon granting the plaintiffs leave to reargue an order and judgment (one paper) of the same court, entered April 4, 1997, denying their prior motion for summary judgment on the complaint and granting its cross motion for summary judgment, in effect, granted the plaintiffs' motion and denied the defendant's cross motion, and declared that the defendant is obligated to defend and indemnify the plaintiff School District as a third-party defendant in the underlying personal injury action.

Ordered that the order and judgment is reversed, with costs, that branch of the plaintiffs' motion which was for reargument is denied, and the order and judgment entered April 4, 1997, is reinstated.

The defendant Hermitage Insurance Company (hereinafter Hermitage) issued an insurance policy to the plaintiff Greenburgh/North Castle Union Free School District (hereinafter the School District) in which the School District was the named insured and St. Christopher's—Jennie Clarkson Child Care Services, Inc. (hereinafter Clarkson) was an additional insured. The policy contained a provision which stated that its exclusions were not applicable if the insured's liability arose under an "insured contract". Despite the School District's assertion to the contrary, the lease between it and Clarkson does not constitute an "insured contract". Therefore, Hermitage is not obligated to defend and indemnify the School District in the third-party action brought by Clarkson against the School District in the underlying personal injury action (see, Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652).

In light of our holding, Hermitage's remaining contentions need not be addressed. Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.