■ BLENDI HOXHA, Also Known as HIDEV LALA, Appellant, v CITY OF NEW YORK et al., Respondents. [696 NYS2d 850] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 9, 1998, which denied his motion for summary judgment on the issue of liability on his cause of action under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, since discovery has not been completed, granting summary judgment would be premature at this point (*see,* CPLR 3212 [f]). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.

■ ROXANNE KASSAPIDIS, Respondent, v MARYLAND CASUALTY COMPANY, Appellant. [696 NYS2d 512] —In an action to recover on an insurance contract, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated February 25, 1999, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that in construing an insurance policy, any ambiguities must be resolved in favor of the insured and against the insurer (*see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Mazzuoccolo v Cinelli,* 245 AD2d 245). We agree with the Supreme Court that the "explosion" provision in the policy at issue is ambiguous as to whether it covers the plaintiff's loss. Since that ambiguity must be resolved in favor of the plaintiff, the Supreme Court properly granted the plaintiff summary judgment on the issue of liability. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.