■ COPACABANA REALTY, LLC, Appellant, v FIREMAN'S FUND INSURANCE COMPANY, Defendant, and AMERICAN AUTOMOBILE INSURANCE COMPANY, Respondent. [15 NYS3d 357]—In an action, inter alia, for a judgment declaring that the defendant American Automobile Insurance Company is obligated to provide insurance coverage to the plaintiff for a loss to its property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 29, 2013, which granted the motion of the defendant American Automobile Insurance Company, in effect, for summary judgment declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant American Automobile Insurance Company is not obligated to provide insurance coverage to the plaintiff for the loss to its property.

"In determining a dispute over insurance coverage, we first

look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]). Although the insurer has the burden of proving the applicability of an exclusion (*see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), it is the insured's burden to establish the existence of coverage (*see Lavine v Indemnity Ins. Co.*, 260 NY 399, 410 [1933]). Thus, "[where] the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (*Borg-Warner Corp. v Insurance Co. of N. Am.*, 174 AD2d 24, 31 [1992]).

The defendant American Automobile Insurance Company (hereinafter AAIC) established its prima facie entitlement to judgment as a matter of law by demonstrating the applicability of an exclusion in the plaintiff's policy (*see Platek v Town of Hamburg*, 24 NY3d 688, 694 [2015]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). In opposition to AAIC's prima facie showing, the plaintiff failed to raise a triable issue of fact regarding the applicability of an exception to the exclusion (*see Platek v Town of Hamburg*, 24 NY3d at 694; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Broome County v Travelers Indem. Co.*, 125 AD3d 1241 [2015]). Accordingly, the Supreme Court properly granted AAIC's motion, in effect, for summary judgment declaring that it is not obligated to provide insurance coverage to the plaintiff for the loss to its property.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that AAIC is not obligated to provide insurance coverage to the plaintiff for the claimed loss (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur. ▇▇▇▇