■ YESHIVA VIZNITZ, Respondent, v CHURCH MUTUAL INSURANCE COMPANY, Appellant. [18 NYS3d 168]—

In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Walsh II, J.), dated September 3, 2013, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint, and (2) a judgment of the same court entered December 12, 2013, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $236,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is granted, the plaintiff's cross motion for summary judgment on the complaint is denied, the order dated September 3, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On March 15, 2012, a fire significantly damaged two dormitories that were used to house students on the plaintiff's property. The plaintiff, a religious school, had to lease off-site living space for the students for 3½ months. The total rent for that time period was $236,500. At the time of the fire, the plaintiff was covered by a multi-peril insurance policy issued by the defendant. The defendant paid the plaintiff in full for the property damage claim, but only paid $10,000 for the temporary relocation costs to house the students while the dormitories were being restored, based upon a limitation of liability applicable to section 5 of the policy covering "Institutional Income and Extra Expense."

The plaintiff commenced this breach of contract action

against the defendant, alleging that the loss it incurred due to the temporary relocation costs was not subject to a limitation of liability. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the plaintiff's cross motion, denied the defendant's motion, and entered a judgment against the defendant.

In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts " 'first look to the language of the policy' " (*ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d 763, 764 [2013], quoting *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]), reading it " 'in light of common speech and the reasonable expectations of a businessperson' " (*ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d at 764, quoting *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]), and in a manner that " 'leaves no provision without force and effect' " (*ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d at 764, quoting *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d at 222; *see Vassar Coll. v Diamond State Ins. Co.*, 84 AD3d 942, 945 [2011]; *Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670, 671 [2010]). The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court (*see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Anghel v Utica Mut. Ins. Co.*, 127 AD3d 897 [2015]). Where an " 'agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity' " (*White v Continental Cas. Co.*, 9 NY3d at 267, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). However, if the terms of the policy are ambiguous, any ambiguity must be construed in favor of the insured and against the insurer (*see White v Continental Cas. Co.*, 9 NY3d at 267; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law. The $10,000 limitation was at the end of the pertinent "Additional Coverage" section 5 titled "Institutional Income and Extra Expense." The limitation stated that the most the defendant "will pay under this Additional Coverage for Institutional Income and Extra Expense is $10,000, unless a higher limit is shown on the Declarations Page." There was no such higher limit shown on that page.

Contrary to the plaintiff's contention, there was no ambiguity in this additional coverage. This limitation was consistent with the other language of section 5 under which the claim was made. An interpretation that claims for loss under the "Institutional Income and Extra Expense" provisions are unlimited "would improperly rewrite the parties' agreement" to eliminate the applicable limitation of liability (*ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d at 765; *see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.