■ REGO PARK HOLDINGS, LLC, et al., Appellants, v ASPEN SPECIALTY INSURANCE COMPANY, Respondent. [35 NYS3d 217]—

In an action, inter alia, for a judgment declaring that the defendant Aspen Specialty Insurance Company is obligated to defend and indemnify the plaintiffs in a consolidated action entitled *Allstate Ins. Co. v Rego Park Holdings, LLC*, pending in the Supreme Court, Queens County, under index No. 26465/10, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated January 31, 2014, as, upon renewal, denied that branch of their motion which was for summary judgment declaring that the defendant Aspen Specialty Insurance Company is obligated to defend and indemnify them in the consolidated action, granted that branch of the defendant's cross motion which was for summary judgment declaring that it was not so obligated, and declared that the defendant is not obligated to defend and indemnify them in the consolidated action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

This appeal concerns an insurance coverage dispute between the plaintiffs and the defendant, Aspen Specialty Insurance Company (hereinafter Aspen). Aspen issued a commercial general liability insurance policy to Anton Developers of Forest Hills regarding a property owned by the plaintiff Rego Park Holdings, LLC (hereinafter RPH), located on Booth Street in Rego Park. The plaintiffs were additional insureds under the

policy. Construction work on RPH's property allegedly caused certain damage to two neighboring properties, and the plaintiffs were named as defendants in a consolidated action entitled *Allstate Ins. Co. v Rego Park Holdings, LLC*, pending in the Supreme Court, Queens County, under index No. 26465/10. The plaintiffs turned to Aspen for defense and indemnification under the liability policy. Aspen disclaimed coverage on the ground that a "Subsidence Exclusion Endorsement" in the policy excluded coverage for the damage that the plaintiffs allegedly caused to the two adjoining properties.

The plaintiffs commenced this action against Aspen for a judgment declaring that Aspen is obligated to defend and indemnify them in the consolidated action, and to recover damages. The plaintiffs moved, and Aspen cross-moved, for summary judgment. The motion and the cross motion were denied but, upon renewal, the Supreme Court, inter alia, granted that branch of the defendant's cross motion which was for summary judgment declaring that it was not obligated to defend or indemnify the plaintiffs in the consolidated action, and declared that the defendant is not so obligated. The plaintiffs appeal, and we affirm the order and judgment insofar as appealed from.

Exclusions from coverage in an insurance policy are to be accorded strict and narrow construction (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]). Accordingly, an insurer seeking to rely on a policy exclusion bears the burden of establishing that the exclusion is stated in clear and unmistakable language, is "subject to no other reasonable interpretation," and applies in the particular case (*id.* at 307; *see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Soni v Pryor*, 139 AD3d 841 [2d Dept 2016]). Here, as the Supreme Court properly determined, Aspen established, prima facie, that its policy did not insure the plaintiffs for any damage to the two adjoining properties caused by the plaintiffs or their subcontractors. The language of the endorsement was susceptible of no other reasonable interpretation:

"This policy does not apply to any liability for 'Bodily Injury,' 'Personal Injury,' disease or illness, including death, or 'Property Damage' or loss of, damage to, or loss of property, directly or indirectly arising out of, caused by, resulting from, contributed to or aggravated by the subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, mud flow, rising, tilting, bulging, cracking, shrinking, or expansion

of foundations, walls, roofs, floors, ceilings, or any other movements of land or earth, *regardless of whether the foregoing emanates from, or is attributable to, any operations performed by or on behalf of any insured.* The foregoing applies regardless of whether the first manifestation of same occurs during the policy period or prior or subsequent thereto.

"It is further agreed that there is no coverage nor defense under this policy for any claims, loss, costs, or expense arising from allegations against any insured resulting from or contributing to or aggravated by subsidence as described in the first paragraph of this endorsement" (emphasis added).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Amato v National Specialty Ins. Co.*, 134 AD3d 966, 969 [2015]). Accordingly, upon renewal, the Supreme Court properly awarded summary judgment to Aspen declaring that it was not required to defend or indemnify the plaintiffs in the underlying consolidated action (*see Bentoria Holdings, Inc. v Travelers Indem. Co.*, 20 NY3d 65, 68 [2012]; *cf. Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d at 308; *Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 904 [2006]).

The plaintiffs' remaining contentions are without merit. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.