■ Fabrico Ivan Hernandez Castillo et al., Plaintiffs, v Prince Plaza, LLC, Defendant/Third-Party Plaintiff. Metal Stone Construction, Inc., Third-Party Defendant/Second Third-Party Plaintiff, et al., Third-Party Defendant; King's Construction & Supplies, LLC, Second Third-Party Defend-

ant/Third Third-Party Plaintiff-Respondent; WESTERN HERI-
TAGE INSURANCE COMPANY, Third Third-Party Defendant-
Appellant. [38 NYS3d 77]—

In an action to recover damages for personal injuries, etc.,
and a third third-party action, inter alia, for a judgment declar-
ing that the third third-party defendant, Western Heritage
Insurance Company, is obligated to defend and indemnify the
second third-party defendant/third third-party plaintiff, King's
Construction & Supplies, LLC, in the second third-party ac-
tion, entitled *Metal Stone Constr., Inc. v King's Constr. & Sup-
plies, LLC*, pending in the Supreme Court, Kings County, under
index No. 75831/12, the third third-party defendant, Western
Heritage Insurance Company, appeals, as limited by its brief,
from so much of an order of the Supreme Court, Kings County
(Walker, J.), dated May 27, 2014, as denied that branch of its
motion which was for summary judgment dismissing the third
third-party complaint, and granted the cross motion of the
second third-party defendant/third third-party plaintiff, King's
Construction & Supplies, LLC, for summary judgment, in ef-
fect, declaring that it is obligated to defend and indemnify
King's Construction & Supplies, LLC, in the second third-party
action.

Ordered that the order is affirmed insofar as appealed from,
with costs to the second third-party defendant/third third-party
plaintiff, King's Construction & Supplies, LLC, and the matter
is remitted to the Supreme Court, Kings County, for the entry
of a judgment declaring that the third third-party defendant,
Western Heritage Insurance Company, is obligated to defend
and indemnify the second third-party defendant/third third-
party plaintiff, King's Construction & Supplies, LLC, in the
second third-party action.

"In determining a dispute over insurance coverage, we first
look to the language of the policy" (*Consolidated Edison Co. of
N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]). Although the
insurer has the burden of proving the applicability of an exclu-
sion (*see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311
[1984]), it is the insured's burden to establish the existence of
coverage (*see Lavine v Indemnity Ins. Co.*, 260 NY 399, 410
[1933]). Thus, "[where] the existence of coverage depends
entirely on the applicability of [an] exception to the exclusion,
the insured has the duty of demonstrating that it has been
satisfied" (*Borg-Warner Corp. v Insurance Co. of N. Am.*, 174
AD2d 24, 31 [1992]).

"[I]n construing an insurance policy, any ambiguities must

be resolved in favor of the insured and against the insurer" (*Kassapidis v Maryland Cas. Co.*, 265 AD2d 379, 379 [1999]; *see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Yeshiva Viznitz v Church Mut. Ins. Co.*, 132 AD3d 853, 854 [2015]). The "apartments" exception to the "Habitational Construction" exclusion in the subject policy is ambiguous as to whether there is coverage for the structure at issue. Since that ambiguity must be resolved in favor of the insured, the Supreme Court properly denied that branch of the motion of Western Heritage Insurance Company (hereinafter Western Heritage) which was for summary judgment dismissing the third third-party complaint, and granted the cross motion of King's Construction & Supplies, LLC (hereinafter King's Construction) for summary judgment declaring that Western Heritage was obligated to defend and indemnify it in the second third-party action.

Western Heritage's remaining contention is not properly before this Court, as it was raised for the first time in its reply papers (*see Zarabi v Movahedian*, 136 AD3d 895 [2016]; *Leavy v Merriam*, 133 AD3d 636 [2015]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Western Heritage is obligated to defend and indemnify King's Construction in the second third-party action (*see Lanza v Wagner*, 11 NY3d 317, 334 [1962]). Hall, J.P., Austin, Miller and Maltese, JJ., concur.