■ Sean Conlon et al., Appellants, v Allstate Vehicle and Property Insurance Company, Doing Business as Allstate Insurance Company, Respondent. [58 NYS3d 495]—

Appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated May 5, 2015. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment, inter alia, making declarations in their favor, and granted the defendant's cross motion for summary judgment, in effect, dismissing so much of the complaint as sought declarations in the plaintiffs' favor and damages for breach of an insurance contract.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in accordance herewith.

The plaintiffs are the owners of a single-family dwelling located in East Northport. They had a homeowner's insurance policy for the property with the defendant, covering the period from November 28, 2013, through November 28, 2014 (hereinafter the policy). The plaintiffs allege that on February 13, 2014, snow and ice accumulated on the roof of their house, and that the weight of the snow and ice caused the structure at is-

sue, which the plaintiffs described as a "roof extension" that covered a "porch" (hereinafter the structure), to collapse. The structure was attached at one end to the rear of the plaintiffs' house, and consisted of an aluminum roof or a cover that was supported by two columns or posts at the outer two corners. The structure had a concrete floor and did not have any walls or sides. The plaintiffs allege that, as a result of the collapse, the structure, the rear wall of the house, the ground underneath the structure, and the personal property located underneath the structure were damaged.

Under the policy, the insured property included, among other things, the single-family dwelling, and an "attached structure" described as a 452-square-foot "[o]pen porch." With respect to the dwelling and its attached structures, the policy excluded coverage for "any loss consisting of or caused by . . . [c]ollapse," "except as specifically provided in Section I Additional Protection under item 10," entitled "Collapse." Item 10 of "Section I Additional Protection" stated, in relevant part, that coverage was provided for "the entire collapse of a covered building structure," or for "the entire collapse of part of a covered building structure" caused by the "weight of rain, snow or ice which collects on a roof." The term "building structure" was defined in the policy as "a structure with walls and a roof." Item 10 of "Section I Additional Protection" also stated that coverage was provided for "direct physical loss to covered property caused by" the entire collapse of a covered building structure or the entire collapse of part of a covered building structure. Item 10 further stated that "[l]oss to an awning, fence, patio, [or] deck . . . is not included, unless the loss is a direct result of the collapse of a building structure or part of a building structure" caused by the "weight of rain, snow or ice which collects on a roof." Additionally, with respect to personal property, the policy covered "sudden and accidental direct physical loss" to "personal property in a building structure" caused by the "[w]eight of ice, snow or sleet," "but only if the building structure is damaged due to the weight of ice, snow or sleet."

The plaintiffs submitted a claim to the defendant for, inter alia, the damage to the structure and the ground and personal property underneath it. The loss was initially evaluated by the defendant's representative, and the defendant issued payment to the plaintiffs in the sum of $23,824.97. This amount allegedly included $4,336.38 for damage to the structure, which the defendant categorized as an "aluminum patio cover" or "awning." After the plaintiffs allegedly disagreed with the amount paid by the defendant, another representative from

the defendant re-inspected the insured premises. The representative concluded that coverage for any loss caused by the collapse of the structure, including any damage to the personal property underneath it, was excluded under the policy because the structure was an awning. As a result, the defendant determined that the earlier payment of $4,336.38 was mistakenly made, but it did not seek reimbursement from the plaintiffs. On or about March 20, 2014, in a letter to the plaintiffs, the defendant disclaimed coverage for any additional damage arising from the collapse of the structure.

In June 2014, the plaintiffs commenced this action against the defendant seeking a declaratory judgment, as well as damages for breach of the insurance contract. The plaintiffs alleged that the defendant's disclaimer of coverage for any additional damage arising from the collapse of the structure constituted a breach of the insurance contract. The plaintiffs moved, inter alia, for summary judgment declaring that the collapse of the structure and the damage to their personal property as a result of the collapse were covered losses under the policy. The defendant cross-moved for summary judgment, in effect, dismissing the portions of the complaint which sought declarations that the collapse of the structure and the damage to the personal property as a result of the collapse were covered losses under the policy, and which sought damages for breach of the insurance contract. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. The plaintiffs appeal.

"In determining a dispute over insurance coverage, we first look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]). Any ambiguities must be resolved in favor of the insured and against the insurer (*see Concordia Gen. Contr. Co., Inc. v Preferred Mut. Ins. Co.*, 146 AD3d 932, 934 [2017]; *Hernandez Castillo v Prince Plaza, LLC*, 142 AD3d 1130, 1131-1132 [2016]). Indeed, "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [internal quotation marks omitted]; *see Rego Park Holdings, LLC v Aspen Specialty Ins. Co.*, 140 AD3d 1147, 1148 [2016]). However, courts "are not free to disregard the plain meaning of the policy language to find an ambiguity where none exists" (*Hansard v Federal Ins. Co.*, 147 AD3d 734, 737 [2017]). Thus, the unambiguous provisions of the insurance policy must be given their " 'plain and ordinary meaning,' " and their interpretation is a question of law (*id.* at 736, quoting *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]).

Here, it is undisputed that the structure collapsed as a result of an accumulation of snow and ice. In support of its cross motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the damage to the structure was excluded from coverage under the collapse exclusion in the policy because the structure was an awning and the loss was not the direct result of the collapse of a building structure or a part thereof (*see generally Utica First Ins. Co. v Mumpus Restorations, Inc.*, 115 AD3d 938, 939 [2014]). The defendant also established, prima facie, that the loss to the personal property that was underneath the structure was not covered under the policy, since the structure was not a "building structure" as defined in the policy because it did not have walls. In opposition, the plaintiffs failed to raise a triable issue of fact regarding the applicability of the exception to the collapse exclusion under Item 10 of "Section I Additional Protection" in the policy (*see generally Copacabana Realty, LLC v Fireman's Fund Ins. Co.*, 130 AD3d 771, 772 [2015]). Specifically, the plaintiffs failed to raise a triable issue of fact as to whether the structure was a "covered building structure" or "part of a covered building structure" within the meaning of the policy. The plaintiffs also failed to raise a triable issue of fact as to whether the policy covered the loss to their personal property situated underneath the structure at the time of the occurrence.

Further, the plaintiffs failed to establish that the defendant was estopped from disclaiming coverage (*see Provencal, LLC v Tower Ins. Co. of N.Y.*, 138 AD3d 732 [2016]; *Matter of Southern Queens Park Assn. v Capitol Ins. Co.*, 107 AD3d 1006 [2013]).

The plaintiffs' remaining contention is not properly before this Court.

Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment, and properly denied the plaintiffs' motion for summary judgment.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the collapse of the structure and the damage to the personal property underneath the structure as a result of the collapse were not covered losses under the policy (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.