Corbel Constr. Co. v Arch Specialty Ins. Co. (2018 NY Slip Op 02447)





Corbel Constr. Co. v Arch Specialty Ins. Co.


2018 NY Slip Op 02447


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-02874
 (Index No. 5901/15)

[*1]Corbel Construction Company, respondent,
v
Arch Specialty Insurance Company, appellant.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick, Michael T. Glascott, and Paul C. Steck of counsel), for appellant.
Paul A. Chin, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Alvarez v 210 Flatbush, LLC, commenced in the Supreme Court, Kings County, under Index No. 506406/14, the defendant appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated February 8, 2016, which granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action, and denied the defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action is denied, the defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action entitled Alvarez v 210 Flatbush, LLC, commenced in the Supreme Court, Kings County, under Index No. 506406/14.
On April 4, 2014, Remigio Alvarez allegedly was injured while working for S.K. Piping & Heating Corp., doing business as S.K. NY Plumbing & Heating (hereinafter S.K. Piping), at a construction site located at 210 Flatbush Avenue in Brooklyn. S.K. Piping was a subcontractor of Corbel Construction Company (hereinafter Corbel). Alvarez commenced an action against Corbel and others to recover damages for personal injuries (hereinafter the underlying action).
Subsequently, Corbel commenced this action, inter alia, for a judgment declaring that, pursuant to a general liability insurance policy issued to it by Arch Specialty Insurance Company (hereinafter Arch), Arch is obligated to defend and indemnify it in the underlying action. Corbel thereafter moved for summary judgment declaring that Arch is obligated to defend and indemnify Corbel, and Arch cross-moved for summary judgment declaring that it is not obligated to defend or indemnify Corbel. The Supreme Court granted Corbel's motion and denied Arch's cross motion. Arch appeals, arguing that its cross motion should have been granted, since it demonstrated the applicability of an exclusion in Corbel's policy, and Corbel failed to raise a triable issue of fact [*2]regarding the applicability of an exception to the exclusion.
"In determining a dispute over insurance coverage, [courts] first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). Although the insurer has the burden of proving the applicability of an exclusion (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311), it is the insured's burden to establish the existence of coverage (see Lavine v Indemnity Ins. Co., 260 NY 399, 410). Thus, where "the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (Borg-Warner Corp. v Insurance Co. of N. Am., 174 AD2d 24, 31).
In support of its cross motion, Arch established its prima facie entitlement to judgment as a matter of law by demonstrating the applicability of an exclusion in Corbel's policy (see Platek v Town of Hamburg, 24 NY3d 688, 694; Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). In opposition to Arch's prima facie showing, Corbel failed to raise a triable issue of fact regarding the applicability of an exception to the exclusion (see Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488, 491; Copacabana Realty, LLC v Fireman's Fund Ins. Co., 130 AD3d 771, 772; Broome County v Travelers Indem. Co., 125 AD3d 1241, 1244-1245; State Ins. Fund v Hermitage Ins. Co., 256 AD2d 329, 330). Accordingly, the Supreme Court should have granted Arch's cross motion for summary judgment declaring that it is not obligated to defend or indemnify Corbel in the underlying action, and should have denied Corbel's motion for summary judgment declaring that Arch is so obligated.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Arch is not obligated to defend or indemnify Corbel in the underlying action (see Lanza v Wagner, 11 NY2d 317; Hanson v Turner Constr. Co., 70 AD3d 641, 643).
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court