Castillo v Prince Plaza, LLC (2018 NY Slip Op 06226)





Castillo v Prince Plaza, LLC


2018 NY Slip Op 06226


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-07128 ON MOTION
 (Index No. 18660/11)

[*1]Fabrico Ivan Hernandez Castillo, et al., plaintiffs,
v
Prince Plaza, LLC, defendant/third-party plaintiff; Metal Stone Construction, Inc., third-party defendant/second third-party plaintiff, et al., third-party defendant; King's Construction & Supplies, LLC, second third-party defendant/third third-party plaintiff-respondent; Western Heritage Insurance Company, third third-party defendant-appellant.


Carroll McNulty & Kull LLC, New York, NY (Ann Odelson and Laura B. Dowgin of counsel), for third third-party defendant-appellant.
Kevin Kerveng Tung, P.C., Flushing, NY (Song Chen of counsel), for second third-party defendant/third third-party plaintiff-respondent.
Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for plaintiffs.



DECISION & ORDER
Motion by the appellant, in effect, for reargument of a decision and order of this Court dated September 28, 2016, which determined an appeal from an order of the Supreme Court, Kings County, dated May 27, 2014.
Upon the timely papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto; it is
ORDERED that that the motion is granted to the extent that the decision and order of this Court dated September 28, 2016 (Hernandez Castillo v Prince Plaza, LLC, 142 AD3d 1130), is recalled and vacated and the following decision and order is substituted therefor:
In an action to recover damages for personal injuries, etc., and a third third-party action, inter alia, for a judgment declaring that the third third-party defendant, Western Heritage Insurance Company, is obligated to defend and indemnify the second third-party defendant/third third-party plaintiff, King's Construction & Supplies, LLC, in the second third-party action, entitled Metal Stone Constr., Inc. v King's Constr. & Supplies, LLC, pending in the Supreme Court, Kings County, under index No. 75831/12, the third third-party defendant, Western Heritage Insurance Company, appeals from an order of the Supreme Court, Kings County (Walker, J.), dated May 27, 2014. The order, insofar as appealed from, denied that branch of the motion of Western Heritage Insurance Company which was for summary judgment dismissing the third third-party complaint, and granted the cross motion of the second third-party defendant/third third-party plaintiff, King's [*2]Construction & Supplies, LLC, for summary judgment, in effect, declaring that Western Heritage Insurance Company is obligated to defend and indemnify King's Construction & Supplies, LLC, in the second third-party action.
ORDERED that the order is affirmed insofar as appealed from, with costs to the second third-party defendant/third third-party plaintiff, King's Construction & Supplies, LLC, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the third third-party defendant, Western Heritage Insurance Company, is obligated to defend the second third-party defendant/third third-party plaintiff, King's Construction & Supplies, LLC, in the second third-party action and, upon a determination of liability, is obligated to indemnify King's Construction & Supplies, LLC, for liability based on the noncontractual claims asserted against it in the second third-party action.
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). Although the insurer has the burden of proving the applicability of an exclusion (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311), it is the insured's burden to establish the existence of coverage (see Lavine v Indemnity Ins. Co., 260 NY 399, 410). Thus, "[where] the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (Borg-Warner Corp. v Insurance Co. of N. Am., 174 AD2d 24, 31).
"[I]n construing an insurance policy, any ambiguities must be resolved in favor of the insured and against the insurer" (Kassapidis v Maryland Cas. Co., 265 AD2d 379, 379; see White v Continental Cas. Co., 9 NY3d 264, 267; Yeshiva Viznitz v Church Mut. Ins. Co., 132 AD3d 853, 854). The "apartments" exception to the "Habitational Construction" exclusion in the subject policy is ambiguous as to whether there is coverage for the structure at issue. Since that ambiguity must be resolved in favor of the insured, the Supreme Court properly denied that branch of the motion of Western Heritage Insurance Company (hereinafter Western Heritage) which was for summary judgment dismissing the third third-party complaint, and granted the cross motion of King's Construction & Supplies, LLC (hereinafter King's Construction), for summary judgment, to the extent that it declared that Western Heritage is obligated to defend King's Construction in the second third-party action and, upon a determination of liability, is obligated to indemnify King's Construction for liability based on the noncontractual claims asserted against King's Construction in the second third-party action.
Western Heritage's remaining contention, raised for the first time in its reply papers, is not properly before this Court (see Zarabi v Movahedian, 136 AD3d 895; Leavy v Merriam, 133 AD3d 636).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Western Heritage is obligated to defend King's Construction in the second third-party action and, upon a determination of liability, is obligated to indemnify King's Construction for liability based on the noncontractual claims asserted against it in the second third-party action (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court