Cohen & Slamowitz, LLP v Zurich Am. Ins. Co. (2019 NY Slip Op 00417)





Cohen & Slamowitz, LLP v Zurich Am. Ins. Co.


2019 NY Slip Op 00417


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-07335
 (Index No. 10503/13)

[*1]Cohen & Slamowitz, LLP, appellant, 
v
Zurich American Insurance Company, et al., respondents.


Gerald V. Dandeneau, P.C., Melville, NY, for appellant.
Goldberg Segalla, LLP, Garden City, NY (Brendan T. Fitzpatrick, Joanna M. Roberto, and William J. Edwins of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to indemnify the plaintiff for its claimed business income losses pursuant to the subject insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated May 2, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint and for a judgment declaring that the defendants are not obligated to indemnify the plaintiff for its claimed business income losses pursuant to the subject insurance contract.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendants are not obligated to indemnify the plaintiff for its claimed business income losses pursuant to the subject insurance contract.
In January 2014, the defendants disclaimed coverage for the plaintiff's alleged loss of business income pursuant to an insurance contract (hereinafter the policy). The alleged losses stemmed from a disruption of the plaintiff's telephone service as a result of severe flooding at the service provider's lower Manhattan switch center during Hurricane Sandy. The plaintiff thereafter commenced this action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to indemnify the plaintiff for its claimed business income losses pursuant to the policy. The defendants moved for summary judgment dismissing the complaint and for a judgment declaring that the defendants are not obligated to indemnify the plaintiff for its claimed business income losses pursuant to the policy. The Supreme Court granted the defendants' motion.
"In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts first look to the language of the policy'" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d 763, 764, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). The policy is read " in light of common speech and the reasonable expectations of a businessperson'" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764, quoting Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 716) "and in a manner that leaves no provision without force and effect'" [*2](ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d at 222; see Vassar Coll. v Diamond State Ins. Co., 84 AD3d 942, 945; Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671). "The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court" (Yeshiva Viznitz v Church Mut. Ins. Co., 132 AD3d 853, 854; see White v Continental Cas. Co., 9 NY3d 264, 267; Anghel v Utica Mut. Ins. Co., 127 AD3d 897, 899-900). The mere assertion by one that contract language means something different to him or her, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 571; Nisari v Ramjohn, 85 AD3d 987, 990). "However, if the terms of the policy are ambiguous, any ambiguity must be construed in favor of the insured and against the insurer" (Yeshiva Viznitz v Church Mut Ins. Co., 132 AD3d at 854; see White v Continental Cas. Co., 9 NY3d at 267; United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232).
Here, the defendants established their prima facie entitlement to judgment as a matter of law (see Corbel Constr. Co. v Arch Specialty Ins. Co., 160 AD3d 703, 704-705; Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d 488; ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764-765). The policy obligated the defendants to pay for the actual loss of "business income" sustained by the plaintiff "due to the necessary suspension of operations' caused by direct physical loss or damage by a Covered Cause of Loss to dependent property'" at a premises not owned, leased, or operated by the plaintiff. The policy further defined "dependent property" as premises operated by others on whom the plaintiff depended to "[d]eliver materials or services to [the plaintiff], or to others for [the plaintiff's] account (not including water, communication or power supply services)." The defendants demonstrated, among other things, that the plaintiff's claimed business income losses resulted from damage to a property operated by a communication service provider, and, therefore, that the cause of loss was a disruption in communication services, not a "Covered Cause of Loss" to "dependent property" under the policy. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint and for a judgment declaring that the defendants are not obligated to indemnify the plaintiff for its claimed business income losses pursuant to the policy (see Conlon v Allstate Veh. & Prop. Ins. Co., 152 AD3d at 489-491; ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764-765).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendants are not obligated to indemnify the plaintiff for its claimed business income losses pursuant to the policy (see Lanza v Wagner, 11 NY2d 317).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court