Regency Condominium v Dongbu Ins. Co., Ltd. (2020 NY Slip Op 06305)





Regency Condominium v Dongbu Ins. Co., Ltd.


2020 NY Slip Op 06305


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-02559
 (Index No. 601050/16)

[*1]Regency Condominium, appellant,
v
Dongbu Insurance Co., Ltd., respondent.


Lerner, Arnold & Winston, LLP, New York, NY (Jonathan C. Lerner of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Stephen D. Straus and Andrew N. Nadler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered February 5, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In December 2015, the defendant disclaimed coverage under an insurance policy for the plaintiff's alleged loss of property. The alleged losses were the result of severe flooding that took place within the plaintiff's premises. The plaintiff thereafter commenced this action to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing. The defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals, and we affirm.
"In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts 'first look to the language of the policy'" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d 763, 764, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). The policy is read "'in light of common speech and the reasonable expectations of a businessperson'" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764, quoting Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383) "and in a manner that 'leaves no provision without force and effect'" (ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764, quoting Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d at 222). "The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court" (Yeshiva Viznitz v Church Mut. Ins. Co., 132 AD3d 853, 854). The mere assertion by one that contract language means something different to him or her, where it is otherwise clear, unequivocal, and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 571). "However, if the terms of the policy are ambiguous, any ambiguity must be construed in favor of the insured and against the insurer" [*2](Yeshiva Viznitz v Church Mut Ins. Co., 132 AD3d at 854; see United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232).
Here, the defendant established its prima facie entitlement to judgment as a matter of law (see ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764-765). The policy obligated the plaintiff, "in the event of loss or damage[,]" to, inter alia, "if feasible, set the damaged property aside and in the best possible order for examination" and, "[a]s often as may be reasonably required, permit [the defendant] to inspect the property proving the loss or damage and examine [the plaintiff's] books and records[,]" "permit [the defendant] to take samples of damaged and undamaged property for inspection, testing and analysis," and "[c]ooperate with [the defendant] in the investigation or settlement of the claim." However, the damaged property at issue in this matter, a broken "no-hub coupling," which is "a rubber gasket that fits over [water] pipes with a metal band clamp that fastens them together," was discarded on the date of loss, rather than "set aside" for inspection or examination, as mandated by the terms of the policy. Thus, the defendant demonstrated that the plaintiff was in violation of its obligations for coverage, under the terms of the policy. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint, and for the same reasons, we agree with the court's determination to deny the plaintiff's cross motion for summary judgment on the complaint (see Cohen & Slamowitz, LLP v Zurich Am. Ins. Co., 168 AD3d 905, 907; Seaport Park Condominium v Greater N.Y. Mut. Ins. Co., 39 AD3d 51, 53-55).
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court