Klein v State Farm Ins. Co. (2021 NY Slip Op 05552)





Klein v State Farm Ins. Co.


2021 NY Slip Op 05552


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-07734
 (Index No. 8729/15)

[*1]Evan Klein, et al., appellants, 
v
State Farm Insurance Company, respondent.


Evan Klein, Smithtown, NY, appellant pro se.
Bennett, Bricklin & Saltzburg, LLC, New York, NY (Thomas J. Bracken of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated April 18, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs are the owners of real property located in Suffolk County that was insured under a homeowners insurance policy issued by the defendant. During the coverage period, the plaintiffs' in-ground swimming pool collapsed, causing damage to the pool walls, brick border, and patio area surrounding the pool. The plaintiffs submitted a claim to the defendant for coverage under the policy, and the defendant disclaimed coverage for the portion of the claim involving damage to the pool walls, brick border, and patio area surrounding the pool on various grounds, including based upon a clause in the policy that excluded loss caused by "collapse." Thereafter, the plaintiffs commenced this action against the defendant to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of General Business Law § 349, and for a judgment declaring that the defendant is liable to the plaintiffs for damages resulting from its failure to adequately investigate and fully pay their claim. Following discovery,
the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiffs appeal.
"In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts first look to the language of the policy" (Regency Condominium v Dongbu Ins. Co., Ltd., 188 AD3d 742, 743 [internal quotation marks omitted]; see ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d 763, 764). "'The unambiguous terms of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such terms is a question of law for the court'" (Regency Condominium v Dongbu Ins. Co., Ltd., 188 AD3d at 743, quoting Yeshiva Vicnitz v Church Mut. Ins. Co., 132 AD3d 853, 854). "[E]xclusions or exceptions from coverage must be specific and clear in order to be enforced'" (Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 830, quoting Labate v Liberty Mut. Ins. Co., 45 AD3d 811, 812; see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311; Jahier v Liberty Mut. Group, 64 AD3d [*2]683, 684). "'[I]f the terms of the policy are ambiguous, any ambiguity must be constructed in favor of the insured and against the insurer'" (Regency Condominium v Dongbu Ins. Co., Ltd., 188 AD3d at 743, quoting Yeshiva Vicnitz v Church Mut. Ins. Co., 132 AD3d at 854).
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by demonstrating that the "collapse" exclusion of the policy was unambiguous and clearly applied to the plaintiffs' loss (see Regency Condominium v Dongbu Ins. Co., Ltd., 188 AD3d at 743; Jahier v Liberty Mut. Group, 64 AD3d at 685). Under the plain language of the policy, loss to property caused by "collapse" is excluded from coverage except where, at a minimum, the collapse involves the collapse "of a building or any part of a building." Here, the evidence demonstrated that the plaintiffs' loss was attributable to the collapse of their in-ground pool, which is not "a building or any part of a building," thereby rendering the exception to the "collapse" exclusion under the policy inapplicable to the plaintiffs' loss (see Regency Condominium v Dongbu Ins. Co., Ltd., 188 AD3d at 743; Jahier v Liberty Mut. Group, 64 AD3d at 684-685; Black's Law Dictionary [11th ed 2019], building). In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the plaintiffs' remaining causes of action (see generally Light v Light, 64 AD3d 633, 634). The complaint failed to state a cause of action for breach of the implied covenant of good faith and fair dealing (see McGowan v Great N. Ins. Co., 78 AD3d 1137, 1137; Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842; cf. Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 195; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667-668; Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976), or a violation of General Business Law § 349 (see Zawahir v Berkshire Life Ins. Co., 22 AD3d at 842; Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712). With respect to the cause of action seeking a judgment declaring that the defendant is liable to the plaintiffs for damages resulting from its alleged failure to adequately investigate their claim or to pay their claim in full, since the plaintiffs had an adequate alternative remedy in the form of their breach of contract cause of action, albeit an unsuccessful one (see Alizio v Feldman, 82 AD3d 804, 805; BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of the U.S. of Am., 247 AD2d 565, 568), dismissal was properly directed.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court