Eubanks v New York Prop. Ins. Underwriting Assn. (2025 NY Slip Op 04460)

Eubanks v New York Prop. Ins. Underwriting Assn.

2025 NY Slip Op 04460

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-05693
 (Index No. 523461/17)

[*1]Renee Eubanks, appellant-respondent, 
v
New York Property Insurance Underwriting Association, respondent-appellant.

Agulnick Kremin P.C., Great Neck, NY (Scott E. Agulnick and Adina S. Grodsky of counsel), for appellant-respondent.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Costantino P. Suriano and Jon Quint of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 28, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract. The order, insofar as cross-appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
At all relevant times, the plaintiff was the owner of certain premises located in Queens. The plaintiff had an insurance policy issued by the defendant covering the premises. In December 2016, there was a fire at the premises, and at the time of the fire, unauthorized occupants were inhabiting the premises. After the plaintiff submitted an insurance claim, the defendant disclaimed coverage.
The plaintiff thereafter commenced this action to recover damages for breach of contract against the defendant. The defendant moved for summary judgment dismissing the complaint. The plaintiff separately moved, inter alia, for summary judgment on the cause of action alleging breach of contract. In an order dated June 28, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion and denied the defendant's motion. The plaintiff appeals and the defendant cross-appeals.
In determining a dispute over insurance coverage, we first "look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; see Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 992). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Baron v New York Mut. Underwriters, 181 AD3d 638, 640 [internal quotation marks omitted]; see White v Continental Cas. Co., 9 NY3d 264, 267).
"Further, while ambiguities in an insurance contract are to be interpreted in favor of the insured, ambiguities arise only where there is more than one reasonable interpretation of the policy, as measured by the reasonable expectations of the average insured. In other words, even where policy language is susceptible of more than one interpretation, there is no ambiguity if only one of them is reasonable" (Garcia v Government Empls. Ins. Co., 151 AD3d 1020, 1022 [citations omitted], affd 30 NY3d 1033).
"[A]mbiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (Ain v Allstate Ins. Co., 181 AD3d 875, 877 [internal quotation marks omitted]).
Here, the disputed exclusionary provisions read as follows:
"C. We do not cover loss resulting directly or indirectly:
Vacancy or Occupancy
1. While a described building, whether intended for occupancy . . . is vacant or unoccupied beyond a period of sixty (60) consecutive days.
. . .
Increase in Hazard
2. While the hazard is increased by any means within the control or knowledge of the insured."
Construed in the context of the contract as a whole, the plain and ordinary meaning of these exclusionary provisions is not apparent. The exclusionary provisions at issue are listed in the supplemental special provisions that modified the original dwelling insurance policy. The contract provides for certain general exclusions in parts A and B, and thereafter included the above referenced supplemental general exclusions as part C. Part A provides that, "[w]e do not insure for loss caused directly or indirectly by any of the following" (emphasis added), and lists conditions or events that could damage the insured premises, including, for example, earth movement, water damage, and power failure. Part C, as referenced above, does not contain any language after "directly or indirectly." Thus, it is not clear whether the "vacancy or occupancy" or "increase in hazard" must cause the loss or whether the condition must simply exist at the time of the loss. Because the exclusionary provisions are ambiguous, and any ambiguity is construed against the insurer in favor of the insured, the plaintiff has established her prima facie entitlement to coverage (see Klein v State Farm Ins. Co., 198 AD3d 741, 742; Ain v Allstate Ins. Co., 181 AD3d at 877). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract (see Klein v State Farm Ins. Co., 198 AD3d at 742; Hudson Shore Assoc., L.P. v Praetorian Ins. Co., 172 AD3d 830, 831), and for the same reasons, the court properly denied the defendant's motion for summary judgment dismissing the complaint, as ambiguity exists in the policy.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court